UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>VSC GROUP, LLC d/b/a COMPLETE CAR, a Texas limited liability company,<br><br>*Defendant.* | Case No.  1:22-cv-00313-PB |

## DEFENDANT VSC GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS 12(b)(2) MOTION TO DISMISS

Defendant VSC Group, LLC ("VSC" or "Defendant") submits this Memorandum of Law in support of its 12(b)(2) Motion to Dismiss.

### I.  INTRODUCTION

Plaintiff Richard Daschbach ("Plaintiff") has sued the wrong company and incorrectly seeks to hale Defendant into court in a foreign forum where Defendant does not reside, does not operate its business, has no business activity, and where it has not directed any conduct giving rise to Plaintiff's claims. Plaintiff's sole cause of action arises out of an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C § 227, from the receipt of two phone calls to his cell phone. Complaint, Dkt. 1, ¶¶ 17-18.

"When a defendant contests personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), plaintiff bears the burden of showing that a basis for jurisdiction exists." *O'Neil v. Somatics, LLC*, No. 20-cv-175-PB, 2021 U.S. Dist. LEXIS 183730, at *6 (D.N.H. Sept. 24, 2021). Courts apply a prima facie standard when considering a Rule 12(b)(2) motion without an

evidentiary hearing, reviewing evidence offered by plaintiff as true and construing it in the light most favorable to plaintiff's jurisdictional claim, while also considering uncontradicted facts offered by defendant. *Id.*

Plaintiff's Complaint generally alleges that this Court has personal jurisdiction over Defendant "because Defendant regularly conducts business in this District and a substantial part of the events giving rise to the claims asserted here occurred in this District." Complaint, Dkt. 1, ¶ 4. However, Defendant conducts no business in New Hampshire and did not engage in any of the actions alleged in the Complaint. Plaintiff's Complaint does not make a prima facie showing of personal jurisdiction over Defendant nor provide any basis for this Court's exercise of personal jurisdiction over Defendant. Consequently, this Court cannot exercise personal jurisdiction over Defendant because it lacks general and specific jurisdiction to do so.

## II. STATEMENT OF FACTS

### A. VSC is located in Delaware and Has No Business Operations in New Hampshire.

Defendant is a Delaware limited liability company with a mailing address at 251 Little Falls Dr., Wilmington, DE 19808. Affidavit of Martha Ortega-Leon, ¶ 6. Defendant does not conduct any kind of business in, or hold any license from the state of New Hampshire, nor is it registered to do business in New Hampshire. *Id.*, ¶ 10. Defendant does not own, lease, or occupy any real property in New Hampshire, or maintain an office in New Hampshire. *Id.*, ¶ 11. Defendant does not employ any employees, personnel, staff, agents, contractors, or other representatives to conduct business on its behalf in New Hampshire and makes no contracts in the state of New Hampshire. *Id.*, ¶ ¶ 12-13. Defendant does not market, advertise or promote any services or products to the residents of New Hampshire. *Id.*, ¶ 14. Defendant's owners, directors, officers, and managers do not reside in New Hampshire. *Id.*, ¶ 9.

### B. VSC is the Incorrect Party and is Not Complete Car.

VSC's name is not "VSC Group LLC dba Complete Car". Affidavit of Martha Ortega-Leon, *Id.*, ¶ 15. VSC did not register the dba "Complete Car" and does not hold itself out as Complete Car. *Id.*

VSC does not engage in telemarketing and did not place any telephone calls to Plaintiff. *Id.,* ¶ ¶ 16-17.

VSC does not sell car warranties. *Id.*, ¶ 18.

VSC is the incorrect party to this suit and was wrongfully sued as a defendant in this suit.

### III.    ARGUMENT

### A.    Plaintiff Has Not Established that there is General Jurisdiction Over VSC.

"When assessing personal jurisdiction in a diversity case, a federal court "is the functional equivalent of a state court sitting in the forum state.' The court must determine whether an exercise of jurisdiction is proper under both the forum's long arm statute and the due process requirements of the U.S. constitution." *O'Neil v. Somatics, LLC*, No. 20-cv-175-PB, 2021 U.S. Dist. LEXIS 183730, at *7 (D.N.H. Sept. 24, 2021). New Hampshire's long-arm statute is coextensive with the due process clause. *Id.* "When a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the issue of whether the exercise of personal jurisdiction comports with federal constitutional standards." *Sawtelle v. Farrell*, 70 F.3d 1381, 1388 (1st Cir. 1995).

"To exercise personal jurisdiction over a nonresident defendant, the defendant must 'have certain minimum contacts with it such the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "Due process may be satisfied through general or specific contacts providing jurisdiction

over a defendant." *Sabanek Assocs. v. Navarro*, No. 95-269-B, 1995 U.S. Dist. LEXIS 21473, at *11 (D.N.H. Oct. 6, 1995). "If a defendant's activities within the forum state are unrelated to litigation but are 'continuous and systematic' or 'substantial,' the defendant has a sufficient relationship with the forum to support general jurisdiction." *Id.* "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).

The standard for establishing general jurisdiction is "considerably more stringent" than specific jurisdiction. *Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216 (1st Cir. 1984). To permit the exercise of general jurisdiction, the defendant must "engage in the 'continuous and systematic' pursuit of general business activities in the forum state." *Id.* (quoting *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 448 (1952)); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1067.5 (3d ed. 2002) ("The defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general in personam jurisdiction."). For purposes of the general jurisdiction analysis, a court must "consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit." *Harlow v. Children's Hosp.,* 432 F.3d 50, 65 (1st Cir. 2005).

When jurisdiction is challenged by a defendant, "the plaintiff has the burden of proving the court's jurisdiction over the defendant." *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990). "The most commonly used method of determining a motion to dismiss for want of personal jurisdiction is for the district court to consider only whether the plaintiff has proffered

evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Boit v. Gar-Tec Products, Inc.,* 967 F.2d 671, 675 (1st Cir. 1992). "To defeat a motion to dismiss when the court uses this method the plaintiff must make the showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause of the Constitution.'" *Id.* This standard for deciding a motion to dismiss is commonly referred to as the "*prima facie*" standard or a standard requiring a "*prima facie*" showing. *Id.*

For this Court to exercise general jurisdiction over nonresident defendant VSC, this Court must determine whether VSC has certain minimum contacts within the state of New Hampshire. In analyzing a claim of general jurisdiction, this Court must "consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit." *Harlow v. Children's Hosp.,* 432 F.3d 50, 65 (1st Cir. 2005). VSC points to the following facts to assert that it has no contacts with the State of New Hampshire: (1) VSC is a Delaware limited liability company, with its only address in the city of Wilmington, Delaware, and is not otherwise "at home" in New Hampshire; (2) VSC's owners do not reside in New Hampshire; (3) VSC does not own, lease, or use real estate or maintain branch offices or other places of business in New Hampshire; (4) VSC does not participate in any kind of business in New Hampshire nor does it market, advertise, or promote any kind of business to the residents of New Hampshire; and (5) VSC does not employ any employees, personnel, staff, or contractors to conduct business on its behalf in New Hampshire and makes no contracts for any kind of business within the state. Affidavit of Martha Ortega-Leon,¶ ¶ 4, 5, 9, 11, 12, and 13-14.

VSC has no contacts with New Hampshire and engages in no business in New Hampshire. *Id.*, ¶ ¶ 10 - 14. There is no general jurisdiction in this case because VSC is a Delaware limited liability company that is not "at home" in the state of New Hampshire and VSC does not engage in any "continuous and systematic" or "substantial" business activities within New Hampshire.

Ultimately, Plaintiff fails to meet his burden of showing that VSC has minimum contacts with New Hampshire and that a basis for general jurisdiction exists. Plaintiff merely alleges that VSC "regularly conducts business in this District" to assert that this Court has general jurisdiction over VSC, but fails to make a prima facie showing indicative of VSC's business activity in New Hampshire. Complaint, Dkt. 1, ¶ 4. Plaintiff's mere allegation is insufficient to support this Court's general jurisdiction over VSC.

Because VSC is not "at home" nor engages in any business operations or activities in New Hampshire, this Court lacks general jurisdiction over VSC in this action.

**B.      Plaintiff Has Not Established that there is Specific Jurisdiction Over VSC.**

If no general jurisdiction exists, then Plaintiff must establish specific jurisdiction to avoid dismissal of his cause of action before this Court. Specific jurisdiction is only established if Plaintiff's suit arises out of or sufficiently relates to the Defendant's contacts with the forum. *Bristol-Myers Squibb*, 137 S. Ct. at 1780; *see also Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'"). A plaintiff attempting to establish specific personal jurisdiction over an out-of-state defendant must demonstrate that: (1) its claim directly arises out of or relates to the defendant's forum-state activities; (2) the defendant's contacts with the forum state represent a purposeful availment of the privilege of conducting activities in that state, thus invoking the benefits and protections of that state's laws and rendering the defendant's involuntary presence in the state's courts foreseeable; and (3) the exercise of jurisdiction is ultimately reasonable. *Scottsdale Capital Advisors Corp. v. Deal, LLC*,

887 F.3d 17, 20 (1st Cir. 2018). Here, none of these elements are met. Plaintiff's failure to meet these three elements is fatal to establishing personal jurisdiction over VSC.

  1. *Plaintiff's Claim Does Not Arise Out of Any Forum-Related Activity of VSC.*

The first element to analyze is whether Plaintiff's claim arises out of or is related to defendant VSC's contacts with the forum state of New Hampshire. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* 141 S. Ct. 1017, 1025, 209 L. Ed. 2d 225 (2021). This is a "flexible, relaxed standard" that requires "only a demonstrable nexus between the complaint's claims and the activities in the forum that properly may be attributed to the defendant, such that the litigation itself is founded directly on those activities." *PREP Tours, Inc. v. Am. Youth Soccer Org.,* 913 F.3d 11, 18 (1st Cir. 2019).

The first element is not met here. Plaintiff's claim does not and cannot arise out of or relate to any VSC forum-related activity because VSC has not engaged in any of the activity alleged by Plaintiff, nor any sort of activity within the state of New Hampshire. VSC does not conduct any business activity within the borders of the state of New Hampshire. Affidavit of Martha Ortega-Leon, ¶ 10. VSC is not named Complete Car, nor is it the registrant of the Complete Car dba, the entity that Plaintiff purports allegedly called him in violation of the Telephone Consumer Protection Act. Complaint, Dkt. 1; Affidavit of Martha Ortega-Leon, ¶ 165

  2. *VSC Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in New Hampshire.*

The second element to consider is whether VSC purposefully availed itself of the privilege of conducting activities in New Hampshire. The purposeful availment prong is met when a "defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these

contacts." *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 624 (1st Cir. 2001). The two "cornerstones" of purposeful availment are "voluntariness and foreseeability." *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.,* 771 F.3d 59, 66 (1st Cir. 2014). For a defendant's contacts with the forum to be considered voluntary, they must proximately result from the defendant's own actions. *PREP Tours,* 913 F.3d 11, 20 (1st Cir. 2019). Foreseeability in this context means that a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). This standard ensures that an exercise of jurisdiction is not based on defendant's "random, fortuitous, or attenuated contacts." *Carreras v. PMG Collins, LLC,* 660 F.3d 549, 555 (1st Cir. 2011).

Plaintiff cannot show that VSC took any actions that invoked the benefits or protections of New Hampshire law. VSC has not engaged in any sort of activity within the state of New Hampshire and does not conduct any business activity within New Hampshire. Affidavit of Martha Ortega-Leon, ¶¶ 10.

   3. *Exercising Jurisdiction Over VSC Would Not be Reasonable.*

The third and last element to consider is whether exercising jurisdiction over VSC would be reasonable in the present case. Whether it is reasonable to exercise personal jurisdiction depends on weighing the "Gestalt factors". *United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 619 (1st Cir. 2001). The primary function of weighing the factors is to put into "sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction. *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 150 (1st Cir. 1995). The "Gestalt factors" are: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining

the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992).

Exercising jurisdiction over VSC would not be reasonable in view of the above factors. The burden imposed on VSC by having to litigate in New Hampshire is significant as VSC has no contacts or activity in New Hampshire. Subjecting VSC to litigate a claim in a foreign state for which the court lacks personal jurisdiction over the defendant would be onerous, unjust, and unfair. Secondly, this Court has no demonstrable interest in adjudicating a dispute for which it lacks personal jurisdiction over the Defendant. Third, Plaintiff cannot and will not be able to obtain a convenient or effective relief from this Court because this Court lacks personal jurisdiction over VSC, and any decision entered by this Court would not be enforceable against VSC in New Hampshire. Fourth, it is not possible for the judicial system to obtain the most efficient resolution of the controversy in the instant case because VSC did not commit any of the actions Plaintiff alleges violated his rights.

Plaintiff contends that this Court has personal jurisdiction over Plaintiff's claim because a substantial part of the events giving rise to the claims asserted by Plaintiff in his Complaint occurred in this District. Complaint, Dkt. 1, ¶ 4. However, as discussed, none of the relevant elements to assert specific personal jurisdiction over VSC have been asserted here. Plaintiff has failed to make a prima facie showing that this Court has specific jurisdiction over VSC in this action. Plaintiff's claim does not directly arise out of or is related to Defendant's forum-state activities nor did VSC purposefully avail itself of the privilege of conducting activities in the forum state of New Hampshire.[1]

---

[1] Since the first two prongs, relatedness, and purposeful availment, are non-existent in this case, VSC is not required to show that exercising jurisdiction over Defendant would be unreasonable in this action. *Ticketmaster-New York v.*

As VSC has been wrongly sued and has no contacts with New Hampshire, it would be unreasonable to force VSC to defend this suit in the courts of New Hampshire.

## IV. CONCLUSION

Plaintiff cannot establish general jurisdiction because VSC is a Delaware limited liability company, that is not otherwise "at home" in New Hampshire and has no continuous and systematic business activities in such a state. Further, Plaintiff has also failed to show that specific jurisdiction can be exercised by this Court. Plaintiff's claims arise from the alleged conduct of a third party, and not from VSC's conduct nor any forum-related conduct of VSC. Provided that this Court has no personal jurisdiction over VSC, exercising jurisdiction in this case would be unfair and unjust under the balancing of the equities, and offensive to the 'traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For the foregoing reasons, Defendant respectfully requests that the Court grant this Motion and dismiss the action under Rule 12(b)(2).

---

*Alioto*, 26 F.3d 201, 210 (1st Cir. 1994) ("…the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction.").

Respectfully submitted,

VSC GROUP, LLC,

By its attorneys,

HINCKLEY, ALLEN & SNYDER LLP

Dated: October 28, 2022

*/s/ Arnold Rosenblatt*
Arnold Rosenblatt, Esq. (NH #14889)
Owen R. Graham, Esq. (NH #266701)
Hinckley, Allen & Snyder, LLP
650 Elm Street
Manchester, NH 03101
(603)545-6122
arosenblatt@hinckleyallen.com
ograham@hinckleyallen.com

DE DIEGO LAW LLC

*/s/ Sarah de Diego*
Sarah de Diego*
CA SBN 239321
61 Ave De Diego, 2nd Floor
San Juan, PR 00911
(310) 980-8116
sarah@dediego.law

*Pro Hac Vice admission to be sought

*********

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

/s/ *Arnold Rosenblatt*
Arnold Rosenblatt, Esq.