UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> VSC OPERATIONS, LLC d/b/a COMPLETE CAR, a Texas limited liability company, <br><br> *Defendant.* | Case No. 1:22-cv-00313-SE <br><br> **DEMAND FOR JURY TRIAL** |

**DEFENDANT VSC OPERATIONS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT**

Defendant VSC Operations, LLC ("VSC" or "Defendant"), by and through its attorneys, submits this Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial ("Complaint"). VSC denies all of the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs.

**PARTIES**

1. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 1 and therefore denies the same.

2. VSC admit that its dba is Complete Car, and that its principal place of business is located at 5900 South Lake Forest, Suite 300, McKinney, TX 75070. However, the remaining allegations of Paragraph 2 are denied, as VSC Operations, LLC is a Delaware limited liability company that is registered to do business in Texas.

1

## JURISDICTION & VENUE

3. VSC admits this Court has subject matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331 based upon the federal question presented but denies that the alleged claims have any merit. VSC denies that any subject matter jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), and the remaining allegations of Paragraph 3.

4. The allegations of Paragraph 4 are admitted.

## COMMON ALLEGATIONS OF FACT

5. The allegations of Paragraph 5 are denied. VSC offers consumers vehicle service contracts.

6. The allegations of Paragraph 6 are denied.

7. VSC admits that the TCPA and its implementing regulations, 47 C.F.R. § 64.1200, et seq. prohibit companies and persons from placing multiple, unsolicited telephone calls to persons who have had their phone numbers listed on the national Do Not Call registry for the past thirty (30) days. However, VSC denies that any violation has occurred and denies the remaining allegations of Paragraph 7.

8. The allegations of Paragraph 8 are denied.

9. Paragraph 9 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC denies that any violation has occurred.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. Paragraph 14 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

## FACTUAL SPECIFIC TO PLAINTIFF

15. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 15 and therefore denies the same.

16. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 16 and therefore denies the same.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 19 and therefore denies the same.

20. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 20 and therefore denies the same.

21. The allegations of Paragraph 21 are denied.

22. Paragraph 22 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, Defendant denies such allegations.

## CLASS ACTION ALLEGATIONS

23. Paragraph 23 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

24. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 24 and therefore denies the same.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 27 and therefore denies the same.

28. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 28 and therefore denies the same.

29. VSC lacks knowledge or information sufficient to confirm or deny the allegations of Paragraph 29 and therefore denies the same.

30. The allegations of Paragraph 30 are denied.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq*

31. Paragraph 31 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

32. Paragraph 32 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

33. Paragraph 33 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

34. Paragraph 34 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

35. Paragraph 35 does not require a response. To the extent this paragraph may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations.

36. The allegations of Paragraph 36 are denied.

37. The allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are denied.

39. The allegations of Paragraph 39 are denied.

40. The allegations of Paragraph 40 are denied.

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied. Defendant specifically denies that Plaintiff (or any members of the alleged DNC Registry Class) are entitled to any of the relief requested.

44. The allegations of Paragraph 44 are denied. Defendant specifically denies that Plaintiff (or any members of the alleged DNC Registry Class) are entitled to any of the relief requested.

## **RESPONSE TO PRAYER**

The prayer for relief section contained in Plaintiff's Complaint does not require a response. To the extent this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, VSC denies such allegations. VSC specifically denies that Plaintiff is entitled

to any of the relief requested, and requests that the Court deny all relief to Plaintiff, including that requested by Plaintiff.

## VSC'S AFFIRMATIVE DEFENSES

VSC asserts the following defenses and affirmative defenses, without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on Plaintiff. VSC reserves the right to amend its Answer with additional defenses and affirmative defenses as discovery commences and progresses in this lawsuit. VSC reserves all defenses and affirmative defenses permitted under the Federal Rules of Civil Procedure, the laws of the United States, and/or at law or in equity, that may now exist, that may exist in the future, or that are presently known or later discovered through further investigation in this lawsuit.

### First Affirmative Defense
### (No Use of an Automatic Telephone Dialing System)

1.  Plaintiff's TCPA claims are barred because none of the alleged calls were made using an automatic telephone dialing system.

### Second Affirmative Defense
### (No Harm)

2.  Plaintiff's claims are barred because Plaintiff did not suffer any concrete harm or actual injury.

### Third Affirmative Defense
### (Unclean Hands)

3.  Plaintiff's claims are barred by the doctrine of unclean hands.

## **JURY DEMAND**

4. Defendant demands a jury on all issues triable by jury.

WHEREFORE, defendant requests that this Court:

A. Dismiss plaintiff's claims; and,

B. Grant such other and further relief as may be just and proper.

Dated: January 20, 2023

Respectfully submitted,

VSC OPERATIONS, LLC,

By its attorneys,

HINCKLEY, ALLEN AND SNYDER LLP

/s/ *Arnold Rosenblatt*
Arnold Rosenblatt, Esq. (NH #14889)
Owen R. Graham, Esq. (NH #266701)
Hinckley, Allen & Snyder, LLP
650 Elm Street
Manchester, NH 03101
(603) 545-6122
arosenblatt@hinckleyallen.com
ograham@hinckleyallen.com

DE DIEGO LAW LLC

*/s/ Sarah de Diego*
Sarah de Diego*
CA SBN 239321
61 Ave De Diego, 2nd Floor
San Juan, PR 00911
(310) 980-8116
Sarah@dediego.law

*Pro Hac Vice Application Forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

    /s/ *Arnold Rosenblatt*
    Arnold Rosenblatt