UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard Daschbach, individually and
on behalf of all others similarly situated,

*Plaintiff*

v.                                                                      Civil No. 1:22-cv-00313-SE

VSC Operations, LLC d/b/a Complete Car,
a Texas limited liability company,

*Defendant*

# DISCOVERY PLAN
## Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** February 7, 2023 (telephonic)

**COUNSEL PRESENT/REPRESENTING**: Taylor Smith, counsel for Plaintiff Richard Daschbach; Sarah De Diego, counsel for VSC Operations, LLC

## CASE SUMMARY

**THEORY OF LIABILITY**: The case challenges Defendant VSC Operations, LLC's d/b/a Complete Car ("Defendant" or "Complete Car") alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically the TCPA's prohibition against making unsolicited telemarketing calls to consumers whose numbers appear on the National Do Not Call Registry. Plaintiff Richard Daschbach ("Plaintiff" or "Daschbach") alleges that Complete Car placed multiple unsolicited telemarketing calls to him to sell its products and services. Plaintiff brought this action on behalf of himself and a proposed nationwide DNC Registry Class**.**

**THEORY OF DEFENSE**: Defendant denies Plaintiff's alleged claims and will require Plaintiff to sustain its burden of proof. Defendant has also asserted affirmative defenses, including that there was no use of an automatic telephone dialing system, no harm, and unclean hands.

**DAMAGES**: Plaintiff seeks statutory damages for Defendant's alleged violations of the TCPA, which provides $500 per unlawful call, which may be trebled to $1,500 per call where the calls were made willfully and/or knowingly. Plaintiff also seek reasonable attorneys' fees and costs, pre- and post-judgment interest, and to enjoin Defendant from any alleged unsolicited calling

activities to individuals listed on the National DNC Registry. Plaintiff will calculate damages depending upon the number of class members and the number of calls following discovery

**DEMAND**:  N/A

**OFFER**:  N/A

**JURISDICTIONAL QUESTIONS**: This case is an alleged class action brought under the TCPA, a federal statute. As such, this Court has original jurisdiction under 28 U.S.C. § 1331. Plaintiff also asserts that the Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

**QUESTIONS OF LAW:**

   **Plaintiff's Position:**

   1. Whether Defendant (or any third-party acting on Defendant's behalf) obtained prior express invitation, permission, or consent to make the calls;
   2. Whether the proposed class can be certified as a class action;
   3. Whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to consumers who were registered on the National DNC Registry;
   4. Whether Plaintiff and the other class members are entitled to statutory damages; and
   5. Whether any violations of the TCPA were committed knowingly or willingly such that the Court should award treble damages.

   **Defendant's Position:**

   1. Whether Plaintiff can sustain its burden of proof regarding the asserted TCPA claims, including whether Plaintiff can establish use of an automatic telephone dialing system in connection with the alleged calls, and whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to consumers who were registered on the National DNC Registry;
   2. Whether the proposed class can be certified as a class action;
   3. Whether Defendant (or any third-party acting on Defendant's behalf) obtained prior express invitation, permission, or consent to make the calls;
   4. Whether Plaintiff can sustain its burden of proof to establish that it and any other class members are entitled to statutory damages; and
   5. Whether Plaintiff can sustain its burden of proof to establish that any violations of the TCPA were committed knowingly or willingly such that the Court should award treble damages

**TYPE OF TRIAL**:  Plaintiff has made a jury demand. Defendant also included a jury demand in its Answer.

## SCHEDULE

**TRACK ASSIGNMENT:**

The parties agree that the case should be placed on the Complex track assignment, and discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery for the parties and any third parties. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining discovery and dates for dispositive motions, a pre-trial conference, and trial.

For clarity, the parties propose the following schedule:

- Motion to Amend Pleadings and/or Add Parties: July 3, 2023
- Deadline to Complete Fact Discovery: November 3, 2023
- Initial Expert Disclosure Due (Plaintiff): November 17, 2023
- Initial Expert Disclosure Due (Defendant): December 1, 2023
- Rebuttal Expert Disclosures Due: December 15, 2023
- Deadline to Complete Expert Discovery: January 5, 2024
- Plaintiff to File Motion for Class Certification: January 19, 2024
- Defendant to File Opposition to Class Certification: February 9, 2024
- Plaintiff to File Reply ISO Motion for Class Certification: February 23, 2024

**TRIAL DATE:**  To be set after a decision regarding class certification.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** Disclosures shall be made by March 27, 2023.

**AMENDMENT OF PLEADINGS:**

Plaintiff:  July 3, 2023     Defendant:     July 3, 2023

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff:  July 3, 2023     Defendant:     July 3, 2023

**THIRD-PARTY ACTIONS**:  July 3, 2023

**MOTIONS TO DISMISS:**  N/A

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff:  November 17, 2023     Defendant:     December 1, 2023

Supplementations under Rule 26(e) due:   December 15, 2023

**COMPLETION OF DISCOVERY:**

- Deadline to Complete Fact Discovery: <u>November 3, 2023</u>
- Deadline to Complete Expert Discovery: <u>January 5, 2024</u>

**MOTIONS FOR SUMMARY JUDGMENT*:*** The court should hold a subsequent case management

**CHALLENGES TO EXPERT TESTIMONY:** 45 days prior to trial.

## DISCOVERY

**DISCOVERY NEEDED:**

**Plaintiff's Position:** Discovery is necessary regarding the question of law issues set forth above.

**Defendant's Position:** Discovery is necessary regarding the questions of fact involved in this case.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** The parties agree to exchange initial disclosures on or before March 9, 2023.

**INTERROGATORIES**: The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSION:** The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**DEPOSITIONS:** The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** The parties have begun engaging in settlement discussions. A settlement is likely in this case and the parties do not request a settlement conference or assistance at this time.

**JOINT STATEMENT RE: MEDIATION:** The Parties anticipate attending private, non-binding mediation before a mutually agreeable mediator following the close of fact related discovery.

**TRIAL ESTIMATE:** 3-5 days.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a subsequent case management conference after the Court's decision regarding class certification to set the remaining deadlines for this case.

**OTHER MATTERS:** There are no additional matters need to be addressed at this time.

Date: February 24, 2023

RICHARD DASCHBACH, individually and on behalf of all others similarly situated,

*/s/ Taylor T. Smith*

Taylor True Smith (admitted *pro hac vice*)
Woodrow & Peluso LLC
3900 E Mexico Ave Ste 300
Denver, CO 80210
720-907-7628
Fax: 303-927-0809
Email: tsmith@woodrowpeluso.com

V. Richards Ward , Jr.
Law Offices of V Richards Ward Jr PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
603-569-9222

        Fax: 603-569-9022
        Email: Rick@VRWardLaw.com

*Counsel for Plaintiff and the Class*


VSC OPERATIONS, LLC,

By its attorneys,

HINCKLEY, ALLEN & SNYDER, LLP

Dated: February 24, 2023

*/s/ Arnold Rosenblatt*
Arnold Rosenblatt, Esq. (NH #14889)
Owen R. Graham, Esq. (NH #266701)
Hinckley, Allen & Snyder, LLP
650 Elm Street
Manchester, NH  03101
(603) 225-4334
arosenblatt@hinckleyallen.com
ograham@hinckleyallen.com

DE DIEGO LAW LLC
*/s/ Sarah de Diego*
Sarah de Diego*
CA SBN 239321
61 Ave De Diego, 2nd Floor
San Juan, PR 00911
(310) 980-8116
sarah@dediego.law

\**Pro Hac Vice* Application Forthcoming